UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS MILK,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>TRAVIS RIPPERDA, Risk Manager SDSP/D.O.C., in his individual capacity; RILEY DEGROOT, East Hall Case Mgr., SDSP/D.O.C., in his individual capacity; KELLIE WASKO, Secretary of Corrections, D.O.C., in her individual capacity; JOSH KULM, Parole Officer, in his individual capacity,<br><br>　　　　　　　　Defendants. | 4:23-CV-04063-KES<br><br><br>ORDER DENYING PLAINITFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

　　　　Plaintiff, Cornelius Milk, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Milk alleges that he has been incorrectly classified as a violent inmate, causing him to be placed in high security housing and more restrictive parole supervision while out of prison. Docket 1-1 at 4–8. This court screened Milk's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Docket 24. When Milk filed a motion for leave to file an amended complaint, he also filed a motion for preliminary injunction and temporary restraining order. Docket 15. Milk requested that the court enjoin defendants from retaliating against him and order reinstatement of parole and his immediate release. *Id.* The court denied Milk's motion because it

is too early in the case to determine that Milk is likely to prevail on the merits and because his request for reinstatement of parole and immediate release, Docket 15 at 1, is a form of relief that is barred under *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 488–90 (1973)). Docket 24 at 31–32. Milk has filed a second motion for preliminary injunction and temporary restraining order. Docket 46. As discussed below, Milk's second motion for preliminary injunction and temporary restraining order is denied for the same reasons that his first motion was denied.

## DISCUSSION

I.  **Factual and Procedural Background**[1]

In 2016, while incarcerated at the South Dakota State Penitentiary (SDSP), Milk received a System Risk Level 3 score on his risk assessment. Docket 1-1 at 4. Milk was paroled on December 13, 2019, *id.*, but on December 1, 2022, Milk was sentenced to six years in prison with three years suspended on another conviction. *Id.* at 5. Since being incarcerated again at the SDSP, Milk has sought review of his System Risk Level assessment, but Ripperda informed Milk that his System Risk Level score cannot be lowered. *Id.* at 15–18. Milk also alleges that defendants have altered his parole plan and not been forthcoming about the availability of transitional parole facilities. *Id.* at 5–6.

Milk was released on parole on April 20, 2023, and "forced to go to a Christian based transitional house called 'Washed Clean[.]' " Docket 17 at 1.

---

[1] The court has included only the facts and procedural background relevant to Milk's second motion for preliminary injunction and temporary restraining order.

2

Milk contends that he participated in all required programming at Washed Clean but was terminated for "[p]utting [his] family before God and [himself.]" *Id.* The parole violation report Milk submitted states that he was terminated from Washed Clean because he "wasn't putting in the adequate effort within the program[.]" Docket 7-1 at 3. Because there were no available structured housing options with immediate openings, Milk's parole was revoked, and he was returned to the SDSP. *Id.* Milk alleges that he has always done very well on parole when released to his home and has been a well-behaved inmate when incarcerated. Docket 1-1 at 5–6. He alleges that his System Risk Level assessment and parole issues are "part of the ongoing harassment and retaliation being perpetrated by the defendants and spearheaded by defendant Ripperda." *Id.* at 5. Ripperda is the risk manager at the SDSP/DOC. Docket 1 at 2. Milk contends that the difficulties he has faced are "[r]etribution for the grievances, administrative remedies, appeals, kites, and letters" he has written to prison administrators and lawmakers. Docket 1-1 at 5.

In its screening order, the court explained that Milk has "alleged facts sufficient to state a First Amendment retaliation claim for his System Risk Level assessment and parole difficulties." Docket 24 at 25. Thus, Milk's First Amendment retaliation claim regarding his System Risk Level score since December 9, 2022, against Ripperda and Wasko in their individual capacities and his First Amendment retaliation claim regarding his parole placement at Washed Clean against Ripperda, DeGroot, and Kulm in their individual capacities survived § 1915A screening. *Id.* at 26–27, 33.

Milk's second motion for preliminary injunction and temporary restraining order[2] appears to arise out of his August 16, 2023, hearing before the South Dakota Board of Pardons and Paroles (Parole Board). *See* Dockets 47, 48. When Milk arrived for a hearing before the Parole Board, he was advised that it would be a few minutes because someone else was speaking to the Parole Board. Docket 48 at 1. Milk asked who was speaking, and a female responded "[s]ome Ripperda guy." *Id.* The room in which Milk was waiting had a steel door that had been left slightly open, with a towel wedged at the bottom to prevent it from slamming shut. *Id.* Milk put his ear next to the slight opening and tried to hear what was being said. *Id.* He could not hear what the Parole Board members asked, but he was able to hear some of Ripperda's responses. *Id.* Milk asserts that all of Ripperda's responses began with "I think" or "I believe[.]" *Id.* According to Milk, Ripperda "deliberately and knowingly committed perjury to further retaliate against [him.]" *Id.* The most significant lie Milk was able to overhear was Ripperda's statement that Milk had leveled his gun at a deputy before the deputy fired at Milk. *Id.* When Milk appeared before the Parole Board, one of the members asked Milk about the shooting. *Id.* After Milk responded, Milk alleges that one of the Parole Board members insinuated that Milk was lying because Milk's response conflicted with what Ripperda had reported to the Parole Board. *Id.* at 1–2. Milk alleges that Ripperda's "lies" adversely affected the Parole Board and influenced their

---

[2] Milk titles his motion as a "motion for an emergency preliminary injunction and TRO". Docket 46.

decision that Milk would be required to go to a transitional house and wear a GPS ankle monitor upon his release. *Id.* at 2. *See also* Docket 47 at 1 ("he was able to convince all of them to stipulate that I must go to a transitional house and wear a GPS ankle monitor upon release.").

On the basis of Ripperda's statements to the Parole Board that Milk overheard, Milk requests that the court enjoin defendant Ripperda "from having ANY contact with [him] and from making ANY decisions regarding [him] either directly or indirectly[.]" Docket 46 ¶ 5. Milk requests that the court order his "immediate release to go home, or in the alternative, his immediate release to go to ANY transitional house that accepts him." *Id.* ¶ 6.[3] Finally, Milk requests that the court restrain defendants from retaliation and retribution in effectuating his release to his home or a transitional house. *Id.* ¶ 7.

## II.   Legal Background

"A preliminary injunction is an extraordinary remedy[.]" *Roudachevski v. All–Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation omitted).

When ruling on a motion for a preliminary injunction, the court considers "(1) the threat of irreparable harm to the movant; (2) the state of the

---

[3] Milk has been released on parole, *see Offender Locator*, S.D. Dep't of Corr., https://doc.sd.gov/adult/lookup/ (last visited Dec. 6, 2023). Thus, it appears that Milk's motion may be moot.

balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Since *Dataphase*, the Eighth Circuit has "observed that the 'likelihood of success on the merits is most significant.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

Further, the Eighth Circuit has held that "the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction[.]" *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). To demonstrate irreparable harm, a plaintiff must show that the injury is certain, great, and "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Packard Elevator v. Interstate Com. Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986) (internal quotations omitted). A "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Gard v. Dooley*, 4:14-CV-04023-LLP, 2014 WL 4243586, at *1, 2014 U.S. Dist. LEXIS 118740, at *3 (D.S.D. Aug. 26, 2014) (quoting *Travelers Express Co. v. Transaction Tracking Techs., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003)).

Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially

6

called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And "for an injunction to issue 'a right must be violated' and . . . 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.' " *Id.* at 521 (quoting *Rogers*, 676 F.2d at 1214).

On the basis of Milk's submission, the court cannot determine that Milk is likely to prevail on the merits of his First Amendment retaliation claim. Milk's allegations of retaliation are serious allegations. But at this stage, they are supported only by his declaration. *See* Docket 48. Milk's declaration is based on *some* of Ripperda's statements to the Parole Board that Milk overheard coupled with Milk's speculation that the Parole Board's decision was based upon or influenced by Ripperda's statements. While Milk asserts that Ripperda deliberately lied to the Parole Board because his statement that Milk had leveled his gun at a deputy before the deputy fired at Milk is not consistent with any law enforcement reports, none of the law enforcement reports are part of the record in this case. *See* Docket 48 at 1. Finally, Milk requests that the court order his "immediate release to go home, or in the alternative, his immediate release to go to ANY transitional house that accepts him." Docket 46 ¶ 6. This court does not have authority in this action to order these forms of relief. *See Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488–90). Milk's motion for a preliminary injunction is denied at this time.

7

Milk also moves for a temporary restraining order. *See* Docket 46. Under the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Milk's motion for a temporary restraining order is denied for the same reason his motion for preliminary injunction is denied.

Thus, it is ORDERED that Milk's second motion for preliminary injunction and temporary restraining order (Docket 46) is denied.

Dated December 8, 2023.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE